**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

ERNEST C. WALLING, JR.                                                    CASE NO. 10-51619

DEBTOR

STEPHEN PALMER, TRUSTEE                                                          PLAINTIFF

VS.                                                                      ADV. NO. 10-5076

VANDERBILT MORTGAGE AND FINANCE, INC.                                    DEFENDANT

<u>MEMORANDUM OPINION</u>

The issue before the Court is whether Vanderbilt Mortgage and Finance, Inc.'s

("Vanderbilt") lien on a mobile home owned by the Debtor was properly perfected by filing a title

lien statement in the wrong county contrary to K.R.S. §186A.190.  Because K.R.S. §186A.190

requires Vanderbilt to file its title lien statement with the county clerk where the debtor resides to

properly perfect its interest and Vanderbilt failed to do so, its lien on the Debtor's mobile home is

unperfected.  Therefore the Trustee may avoid Vanderbilt's lien pursuant to 11 U.S.C. §544 and

recover the value of the lien for the benefit of the estate under 11 U.S.C. §550.

<u>Facts and Procedural History</u>

The following facts are undisputed.  The Debtor and his non–Debtor wife formerly

resided in a mobile home (the "Mobile Home") situated on real property in Garrard County,

Kentucky. The deed to the real property was properly recorded in the Garrard County Clerk's

office.

On or about November 13, 2008, the Debtor and his non-Debtor wife entered into a note

with Vanderbilt for the sum of $88,106.40 secured by a mortgage (the "Mortgage") that

1

encumbered the real property. The Mortgage was properly recorded in the Garrard County

Clerk's office on November 18, 2008. The Mortgage contained a Manufactured Home Rider to

Security Instrument stating that the Mobile Home shall remain personal property.

On or about November 25, 2008, Vanderbilt filed a title lien statement against the Mobile

Home in the Madison County Clerk's office rather than Garrard County, where, as stipulated by

the parties, the Debtor and his non-Debtor wife resided. The title lien statement recites that

Vanderbilt is the first lien holder and that it was filed in Madison County.  A certificate of title was

subsequently issued noting that Vanderbilt is the first and only lien holder and that the lien was

filed in Madison County.

Vanderbilt commenced a foreclosure action against the Debtor and his non-Debtor wife

in Garrard Circuit Court that resulted in a Default Judgment In Rem and Order of Sale entered

on March 5, 2010.  The Debtor filed his Chapter 7 petition on May 14, 2010.  The real property

and Mobile Home were sold at a Garrard County Master Commissioner's Sale on May 22, 2010.

Vanderbilt purchased the real property for the sum of $53,400.00. No order for relief from stay

was entered in the Debtor's bankruptcy case authorizing the sale of either the real property or

Mobile Home.[1]

The Plaintiff Stephen Palmer was appointed as Chapter 7 Trustee.  He then filed this

adversary proceeding seeking to avoid Vanderbilt's lien on the Debtor's one-half interest in the

Mobile Home pursuant to 11 U.S.C. § 544 for failure to properly perfect the lien pursuant to

K.R.S. §186A.190.  Vanderbilt has denied that its lien is not properly perfected.

The parties have filed cross-motions for summary judgment and submitted the matter on

the record for the Court's judgment [Doc. 19].

---

[1]Vanderbilt has admitted the Master Commissioner Sale is void.

## **Conclusions of Law**

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(b).  This is a

core proceeding under 28 U.S.C. §157(b).

This Court has previously addressed the issue raised herein and held that a bankruptcy

trustee may avoid a bank's lien on a debtor's vehicle because of a failure to comply with K.R.S.

§186A.190 by filing the title lien statement in the wrong county, resulting in an erroneously

issued certificate of title.  *See Schlarman v. Fifth Third Bank, Inc. (In re Sands)*, 2008 Bankr.

LEXIS 3064, *6 (Bankr. E.D. Ky. 2008).

K.R.S. §186A.190 governs perfection of a mobile home.  According to K.R.S.

§186A.190(1),

> Except as provided in subsection (4) of this section and in K.R.S. §355.9-311(4), the perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title. *The notation of the security interest on the certificate of title shall be in accordance with this chapter...*

 K.R.S. §186A.190(1) (emphasis added).  Further, K.R.S. §186A.190(2) states

> ...the notation of security interests relating to property required to be titled in Kentucky through the county clerk shall be done in the office of the county clerk of the county in which the debtor resides.
>
> ...
>
> ...Notwithstanding the existence of any filed financing statement under the provisions of K.R.S. Chapter 355 relating to any property registered or titled in Kentucky, the sole means of perfecting and discharging a security interest in property for which a certificate of title is required by this chapter is by notation on the property's certificate of title *under the provisions of this chapter...*

K.R.S. §186A.190(2) (emphasis added).

If the language of a statute is "clear and unambiguous and if applying the plain meaning

of the words would not lead to an absurd result, further interpretation is unwarranted."

*Autozone, Inc. v. Brewer*, 127 S.W.3d 653, 655 (Ky. 2004).   The language of K.R.S. §186A.190

requires notation on the certificate of title "in accordance with this chapter" and "under the

3

provisions of this chapter." The same statute requires titling in the office of the county clerk of

the county in which the debtor resides. The plain language of the statute is clear that filing with

the appropriate county clerk is a requirement for perfection. This is consistent with the entire

statutory scheme of K.R.S. Chapter 186A. *See, e.g.,* K.R.S. §186A.120(2) (requiring the lien to

be "recorded in the county of the purchaser's residence" and declaring "title shall not be issued

from Frankfort until the lien information has been entered by the county clerk of the purchaser's

residence."); K.R.S. §186A.195(3) ("The clerk shall indicate a title is not to be issued until the

lien has been noted and fees, according to K.R.S. §186A.190, paid in the county of the owner's

residence or in thirty (30) days."); K.R.S. §186A.195(4) ("The secured party shall submit the

certificate of title along with the title lien statement to the county clerk of the county of the

debtor's residence.")

Vanderbilt relies upon a recent Kentucky Supreme Court decision to support its

argument that the perfection occurs solely by appearance of the notation of the lien on the face

of the certificate of title notwithstanding the county of filing. In *Johnson v. Branch Banking and

Trust Company*, 313 S.W.3d 557 (Ky. 2010), the Sixth Circuit certified the following question to

the Kentucky Supreme Court:

> In order to perfect a security interest on a motor vehicle in Kentucky, does the K.R.S.
> require physical notation on the actual certificate of title as ultimately issued by the
> county clerk, or is perfection accomplished as and when the required paperwork and fee
> are submitted to the county clerk? In other words, does K.R.S. (sic) 186A.195(5), like
> 186A.190, define the acts necessary for perfecting a security interest in a motor vehicle,
> or is 186A.195(5) designed to operate only as a timing provision for purposes of
> determining priority among creditors?

*Id.* at 558. In answering that question, the Kentucky Supreme Court concluded,

> [u]nder Kentucky law, final perfection of a vehicle lien does not occur until physical
> notation is made on the title *pursuant to K.R.S. 186A.190*, and, accordingly, perfection is
> not accomplished as and when the required paperwork and fee are submitted to the
> county clerk. K.R.S. 186A.195(5), on the other hand, while it does address initiation of
> the perfection process, is designed primarily as a timing mechanism for establishing
> priority among creditors. Compliance alone with the acts set forth therein does not
> accomplish perfection.

4

*Id* (emphasis added).

*Johnson* does not directly address the issue herein. *Johnson* addresses a situation where the creditor complied with the requirements of K.R.S. §186A.190, but the notation had not yet been made on the certificate of title. Here, the creditor obtained a notation on the certificate of title, but did not comply with the requirement that the documents be filed in the appropriate county clerk's office, a fact apparent from the face of the erroneously issued certificate of title. *Johnson* is not controlling.

Further, this Court's earlier decision in *Sands* is consistent with *Johnson*. In making its determination that notation on the certificate of title is the final step for perfection, the Kentucky Supreme Court refers explicitly to the requirements of K.R.S. §186A.190, which by its plain language requires the filing of the requisite paperwork in the county where the debtor resides.

Vanderbilt also relies on *Kentucky Finance Company v. Spradlin*, 717 S.W.2d 843 (Ky. 1986) for its argument that once the title is issued, all prior acts, including any infirmities, merge into the title. In *Spradlin*, the debtor obtained a loan from Kentucky Finance Company giving a promissory note secured by a lien on his vehicle. The debtor submitted a forged certificate of title that indicated there was no lien on the vehicle, when in fact another lender had a lien on the vehicle and eventually repossessed the car. *Id.* at 844. The Court, in addressing whether the creditor was required to search records of the vehicle before securing the lien on the vehicle, concluded:

> A financing statement is a means of notifying the public prior to the issuance of a certificate of title that a lien is or will be claimed on a vehicle. Perfection of the lien (for priority) dates from the time of filing. However, when the certificate is issued it would appear that the financing statement is merged into the certificate and the certificate becomes the only document necessary to achieve perfection. This is a reasonable interpretation of the second sentence of K.R.S. 186A.190(1).

*Id.* at 845.

Relying on *Spradlin*, Vanderbilt suggests that because the certificate of title was issued,

with a notation of its lien on its face, the filing of the title lien statement in the wrong county is unimportant. The Court disagrees. *Spradlin* does not stand for the proposition that if the notation is ultimately made on the certificate of title, albeit erroneously, then "no harm, no foul." The plain language of K.R.S. §186A.190 requires filing in the county where the debtor resides for perfection to result. *Spradlin* does not allow Vanderbilt to circumvent the requirements of K.R.S. §186A.190.

Under Kentucky law, any deficiency in the process of perfection is to be resolved against the creditor, who must "bear the responsibility if the proper filing is not accomplished." *PHH Mortgage Services v. Higgason*, 345 B.R. 584, 586 (E.D. Ky. 2006). Where the plain language of K.R.S. §186A.190 requires filing in the county where the Debtor resides, the filing of the title lien statement in the wrong county does not result in perfection, despite the issuance of a certificate of title with the noted lien.

Because Vanderbilt's lien on the Mobile Home was not properly perfected at the time the Debtor filed bankruptcy, the Trustee has a superior title to the Debtor's one-half interest in the Mobile Home pursuant to 11 U.S.C. §544. The Trustee is therefore entitled to recover the value of the Debtor's one-half interest in the Mobile Home for the benefit of the estate pursuant to 11 U.S.C. §550.

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law. A separate order shall be entered accordingly.


Copies to:

Stephen Barnes, Esq.
David Reynolds, Esq.


6

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Monday, December 20, 2010
(tnw)**